# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 9, 2011 Session

## JENNIFER JEFFREY STANCIL v. PAUL EDWIN STANCIL

**Appeal from the Circuit Court for Hamilton County**
**No. 09D1245      W. Neil Thomas, III, Judge**

---

**No. E2011-00099-COA-R3-CV - FILED - JANUARY 13, 2012**

---

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

I agree with the majority that Mr. Stancil, as the proponent of the validity of the antenuptial agreement, "has the burden of establishing the existence and terms of the agreement, . . ." and, going further, that he has the burden to

> prove, by a preponderance of the evidence, either that a full and fair disclosure of the nature, extent, and value of his or her holdings was provided to the spouse seeking to avoid the agreement, or that disclosure was unnecessary because the spouse seeking to avoid the agreement had independent knowledge of the full nature, extent, and value of the proponent spouse's holdings.

*Randolph v. Randolph*, 937 S.W.2d, 815, 821 (Tenn. 1996).  I fear that the trial court failed to use this standard in evaluating the evidence on the subject of whether the agreement is valid and enforceable.  The trial court's statement in its July 2010 order – that "the Court does not believe that [Mrs. Stancil] has maintained a showing of invalidity by clear and convincing evidence" – appears to confirm the fact that the wrong standard was used in this case.

I am troubled by the majority's decision to *reverse* the trial court's judgment.  I believe the wiser course is to vacate that judgment and remand this case to the trial court with a directive to evaluate the evidence in this case utilizing what is clearly the correct standard by which that evidence is to be tested.  *See id*.

I disagree with the majority's decision to conduct a Tenn. R. App. P. 13(d) review. Certainly, that is what we are required to do when we are presented with factual issues; but, typically, our review occurs after the trial court has first passed upon the credibility of the witnesses under the appropriate standard regarding which of the parties has the burden of proof on the issue before the court. That does not appear to have happened in this case.

We are an appellate court with appellate jurisdiction only. *See* Tenn. Code Ann. § 16-4-108(a)(1) (2009) ("The jurisdiction of the court of appeals is appellate only, . . .). Since we do not see the witnesses, we are not in a position to evaluate the credibility of oral testimony. A witness who "looks good" on paper may very well be totally lacking in believability in person. With all due respect to my colleagues, it appears to me that they are making credibility determinations in deciding the preponderance of the evidence. I am uncomfortable with this approach.

There is statutory authority supporting my desire to send this case back to the trial court. *See* Tenn. Code Ann. § 27-3-128 (2000). We should permit the trial court to apply the correct burden of proof to the facts, as those facts are credited by the trier of fact.

I would vacate the trial court's judgment and remand, with appropriate instructions, for further proceedings.

Accordingly, I concur in part and respectfully dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE